# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

LUKE PATTERSON,

JACOB PATTERSON, and

GARY HEITZ,
Plaintiffs,

V.

BUDBO, INC.,

LANEAXIS, INC.,

LANEAXIS GPSCT, INC., and

RICK LYNN BURNETT, a/k/a RICK BURNETT,
Defendants

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NUMBER 1:18-cv-998

## <u>DECLARATION OF JEFFREY KATZ</u>

1. My name is Jeffrey Katz. I declare under penalty of perjury under the laws of the United
   States of American that the following is true and correct, and within my personal
   knowledge.

2. I was retained by Rick Burnett, as his counsel, following his receipt of Robert Schwinger's letter dated July 11, 2018, alleging that Burnett had violated his fiduciary duties to Budbo, Inc., and demanding that Burnett tender his shares in Budbo and BTI and resign from his positions.

3. On August 2, 2018, I telephoned Mr. Schwinger to discuss this matter. I asked that he reactivate Burnett's email account so that I may review the email exchanged among the parties.

4. On August 3, 2018, Mr. Schwinger advised me "the point here is to negotiate a separation deal in lieu of litigation if possible, not to engage in pre-action discovery about the merits of how the parties have interacted with one another or about their business decisions." I was being precluded to evaluating the merits of Plaintiffs' claims based upon written documentation and compelled to move forward with unwinding the relationship between Plaintiffs and Burnett.

5. I spoke with Mr. Schwinger's associate on August 8, 2018, while Ms. Schwinger was on vacation. I again I reiterated the importance of my reviewing the emails. In addition, I emphasized that Burnett was still the C.E.O. of Budbo and the unilateral deactivation of his email account was inappropriate.

6. I last heard from Mr. Schwinger on August 16, 2018.

7. Thereafter there were no communications from Plaintiffs until I received a letter from San Francisco-attorney Matthew Didaleusky, dated September 19, 2018. (Attached hereto as Exhibit A.) Mr. Didaleusky demanded arbitration pursuant to the Shareholders Agreement.

8. On September 27, 2018, I telephoned Mr. Didaleusky and indicated that Burnett agrees to participate in a mediation. Mr. Didaleusky advised me that Plaintiffs' position remained unchanged; they sought Burnett's resignation and tendering of Budbo and BTI shares. During the call, I asked that Mr. Burnett's email account be reactivated. I followed up the phone call with my October 1, 2018. (See letter attached hereto as Exhibit B.)

9. On October 5, 2018, I received Mr. Didaleusky's response to my October 1, 2018 letter. (Exhibit C.) The letter provides notice of Budbo's insolvency.

10. On October 16, 2018, I wrote Mr. Didaleusky providing him with the name of an arbitrator in Orange County and his case manager's contact information. (Exhibit D.) The letter reiterates Burnett's demand that his email account be reactivated.

11. I have not heard from heard from Mr. Didaleusky since his October 5, 2018 letter.

12. There was no communication from any representative of Plaintiffs until I received Justin Welch's email on November 26, 2018.

13. Therein, Welch relayed Plaintiffs' demand which included the following:

    a. "[T]hey require that GPSCT surrender its common and preferred shares [in Budbo], and that Mr. Burnett resign his directorship and corporate offices [in Budbo];" and

    b. "Mr. Burnett must surrender his shares in Budbo Token International, Ltd., and his corporate directorship and offices [in BTI]."

14. Within a week, I advised Mr. Welch that Burnett would agree to Plaintiffs' demands to surrender shares and directorships. Mr. Welch and I never discussed the postponement of the service of the complaints on defendants.

15. On January 30, 2019 I received an email from Mr. Welch apologizing for "going dark." (Exhibit E.)

16. On March 2, 2019, I sent an email to Mr. Welch asking that he "call me immediately." (Exhibit F.)

17. I did not hear from Mr. Welch until April 9, 2019 wherein he apologized for "going dark." (Exhibit G.) Welch wrote: "*__[F]or reasons I cannot discuss__*, I have been unable to continue negotiations or discuss the case until now." I subsequently asked Welch to explain the reason for why he forsook engagement with me, and Welch reluctantly told me that he was unable to divulge the reason.

18. On April 30, 2019, a 10:36 a.m., PDT, I telephone Mr. Welch to follow up on his non-negotiable demand dated April 18, 2019. Mr. Welch was unavailable. Accordingly, I left a voice-mail message for Mr. Welch to return my call. I have not heard from Mr. Welch as of May 28, 2019.

Dated this 28th day of May, 2019

Jeffrey A. Katz

# EXHIBIT A





September 19, 2018

**VIA U.S. MAIL & EMAIL**

Jeffrey A. Katz, Esq.
Kesher Law Group
1919 N. Heliotrope Drive
Santa Ana, California 92706
jeffrey.katz@kesherlawgroup.com

<u>**CONFIDENTIAL SETTLEMENT COMMUNICATION,**</u>
<u>**UNDER FED. R. EVID. 408 & CAL. EVID. CODE §§ 1152, 1154**</u>

 **Re: Budbo, Inc.**

Dear Mr. Katz:

 I have been retained, in conjunction with Norton Rose Fulbright US LLP, as legal counsel for Luke Patterson, Jacob Patterson, and Gary Heitz with respect to the dispute between our clients and your client, Rick Burnett, regarding the operation and management of Budbo, Inc. (the "Company"). I will be acting as primary trial counsel in this matter going forward.

 As you know, Mr. Robert A. Schwinger previously sent three letters detailing the specific issues and concerns our clients have with respect to the conduct of Mr. Burnett as the CEO of the Company. The most recent of these letters was sent to you on August 16, 2018, but we have not received any response to that letter, or the issues raised therein. Our clients remain interested in an amicable and negotiated resolution to this matter, as set forth in our prior correspondence. However, our clients want to move forward in reaching such a resolution, without further delay. Accordingly, by this letter Luke Patterson, Jacob Patterson, and Gary Heitz hereby formally request that this matter sent to mediation pursuant to Article XVII of the Budbo, Inc. Shareholders Agreement.

 We are amendable to conducting mediation in Southern California. To that end, we are proposing that the parties engage either of the two following persons as the mediator, and that the costs of the mediation be split evenly between Mr. Burnett and our clients:

Steve Cerveris. Esq.
Cerveris Mediation
246 North Pass Avenue
Burbank, CA 91505-3928
(818) 760-1047
http://cerverismediation.com/

Steven Paul, Esq.
Steven Paul Mediation
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
(310) 442-7600
http://paulmediation.com/

 In addition to the forgoing proposed mediators, our clients are amenable to considering a different mediator that is proposed by Mr. Burnett. Given that there has been no response to our

letter to you dated August 16, 2018, if we do not hear from your office by September 27, 2018, we will assume that Mr. Burnett is not amendable to mediation, and our clients will pursue all legal remedies available to them.

If you have any questions or you want to discuss this matter further, please contact me at 415-572-6730, or at mdidaleusky@gmail.com.

Sincerely,

C. Matthew Didaleusky, Esq.


cc:    Mr. Luke Patterson
       Mr. Jacob Patterson
       Mr. Gary Heitz
       Robert A. Schwinger, Esq. (NRFUS)
       Victoria V. Corder, Esq. (NRFUS)

2

# EXHIBIT B



October 1, 2018


C. Matthew Didaleusky
630 Grand View Avenue, Suite 106
San Francisco, CA  94114
mdidaleusky@gmail.com

      Re:  Budbo, Inc.; Demand for Mediation

Dear Mr. Didaleusky:

As indicated to you on Thursday, Rick Burnett will participate in a mediation to resolve the claims being made by your clients.

Pursuant to the Budbo by-laws (Article VII, Section 5) and Delaware Corporations Code § 145(e), Mr. Burnett requests that Budbo advance to him payments sufficient to cover the expenses of defending your clients' claims – including the expenses associated with the contemplated mediation.  As your clients are in control of the company's assets, I am directing Mr. Burnett's request directly to you.  Enclosed with this letter is an undertaking executed by Mr. Burnett agreeing to repay all fees advanced to him if it shall ultimately be determined by a court of competent jurisdiction that Mr. Burnett is not entitled to be indemnified by the corporation.

With respect to the selection of a mediator, I recommend that, for logistical purposes, we choose a mediator who is venued in Orange County.  One of your proposed mediators, Mr. Cervaris, has confirmed that he charges an extra fee to travel to Orange County. In addition, he does not have access to Orange County facilities where the mediation can be convened.  I have not spoken to Mr. Allen, but I would suspect that he presents similar issues as he is located in Los Angeles.

As the Shareholders' Agreement has the shareholders' submitting to jurisdiction in Orange County courts, this county is the appropriate venue for the mediation.  Before I tender any names to you, please let me know that your clients are amenable to this location.  (I am assuming that your clients will be attending the mediation, in person. Please confirm.)

Finally, there is a BTI administrative matter that I would like to bring to your attention. BTI's annual services fee is due. I am attaching the invoice. If the fees are not paid, A&P Intertrust will cancel services for BTI. Three to six months later BTI will be struck off the Register as a non-renewed company. The use of a company removed from the Registry is illegal and could result in legal actions against the company and its owners. Regardless of the outcome of mediation, it is in no one's interest to lose business registration of BTI.

Once again, as your clients are in control of BTI's assets, please confirm that they will coordinate the payment of this invoice.

Very truly yours,

KESHER LAW GROUP, P.C.

/s

Jeffrey Katz


Enclosures

cc: Rick Burnett

# EXHIBIT C



October 5, 2018

**VIA EMAIL**

Jeffrey A. Katz, Esq.
Kesher Law Group
1919 N. Heliotrope Drive
Santa Ana, California 92706
jeffrey.katz@kesherlawgroup.com

<u>**CONFIDENTIAL SETTLEMENT COMMUNICATION,**</u>
<u>**UNDER FED. R. EVID. 408 & CAL. EVID. CODE §§ 1152, 1154**</u>

Re:     Budbo, Inc.

Dear Mr. Katz:

I write in response to your letter, dated October 1, 2018. With respect to the selection of a mediator, your letter does not raise any reasonable objections to the two potential mediators suggested by our clients, Luke Patterson, Jacob Patterson, and Gary Heitz, in my letter to you, dated September 19, 2018. First, each of the proposed mediators will conduct the mediation in Orange County, and we are amenable to holding the mediation at your office in Santa Ana if you prefer that location. Second, there is no reason or requirement that the mediation be conducted in Orange County, and we are also fine with conducting the mediation in Los Angeles County as well. Third, to the extent that your client has an objection to the proposed mediators, we asked him to propose a potential mediator, which he has still not done after more than two weeks. Accordingly, we again request that Mr. Burnett agree to use one of the two proposed mediators or propose one of his own choosing by October 9, 2018.

With regard to Mr. Burnett's request that Budbo, Inc. (the "Company") advance him funds sufficient to cover the expenses in defending against our clients' potential claims against him, the Company lacks funds to meet such a request. Unfortunately, the Company is insolvent, as its outstanding debts exceed its very limited available funds. As Mr. Burnett knows, the Company currently has no source of income, and no immediate prospects for any income. Accordingly, there are no funds that can be advanced to Mr. Burnett. In the interests of resolving this matter, however, Mr. Heitz is willing to pay 100% of the mediator's fee in order to have this matter mediated and hopefully amicably resolved.

In addition, although your letter and Mr. Burnett's letter each make reference to Company By-Laws, our clients are unaware of any duly adopted Company By-Laws. Luke Patterson, one of the Company's Board members, has never been provided any purported Company By-Laws at any time.

Moreover, it is Mr. Burnett's improper transfer of more than $1.76 million of the Company's assets that caused the Company to become insolvent. It is our understanding that LaneAxis, Inc. received most of the more than $1.76 million transferred by Mr. Burnett, and that he now claims that LaneAxis, Inc. will repay this money after it raises sufficient funds to do so. According to LaneAxis, Inc.'s website, it has raised over $2 million. Therefore, we anticipate that LaneAxis, Inc.'s will now transfer all of the funds it received from Budbo, Inc., at Mr. Burnett's direction.

If you have any questions or you want to discuss this matter further, please contact me at 415-572-6730, or at mdidaleusky@gmail.com.

Sincerely,

C. Matthew Didaleusky, Esq.

cc:     Mr. Luke Patterson
        Mr. Jacob Patterson
        Mr. Gary Heitz
        Robert A. Schwinger, Esq. (NRFUS)
        Victoria V. Corder, Esq. (NRFUS)

# EXHIBIT D



October 16, 2018

C. Matthew Didaleusky
630 Grand View Avenue, Suite 106
San Francisco, CA 94114
mdidaleusky@gmail.com

Re: Budbo, Inc.; Proposed Mediator; Letters from Rick Burnett

Dear Mr. Didaleusky:

Per your earlier requests, I am providing to you with the name of a judge who could appropriately mediate the dispute among our clients: Hon. Jay C. Gandhi (Ret.). You can review Judge Gandhi's background at the JAMS website: https://www.jamsadr.com/gandhi/. Julie Ware serves as the Judge's case manager. She can be reached at (213) 253-9721. Please advise her that the mediation should be convened at the JAMS Orange County location.

As of this date, I have not received a response to my October 9, 2018 email to you regarding BTI's current assets. LaneAxis and Mr. Burnett were alarmed by your representation that Budbo, Inc. is insolvent. Accordingly, and based upon their conduct over the last few months, they have moved forward with removing Luke Patterson from his Budbo Director and President positions; and Jacob Patterson from his Budbo CTO position. Attached are Mr. Burnett's letters to your client providing them with notice of the Shareholder and Board actions. Please advise your clients that they no longer have Board authorization to act on behalf of Budbo.

Please have the Pattersons provide detailed reports to Mr. Burnett regarding their work since May 2018 and a status on all open projects. Mr. Burnett will also require a detailed report regarding all financial transactions during this same period.

Mr. Burnett has asked that I reiterate his request to Jacob Patterson reactivate Mr. Burnett's Budbo email account.

I will still require a response to my October 9, 2018 email to you.  Please confirm that the invoice forwarded to you has been paid.

Very truly yours,

KESHER LAW GROUP, P.C.

/s

Jeffrey Katz


Enclosures

cc:  Rick Burnett

# EXHIBIT E

# Budbo Settlement

Justin Welch <jwelch@blazierlaw.com>

Wed 1/30/2019 2:26 PM

To:Jeffrey Katz <jeffrey.katz@kesherlawgroup.com>;

Jeff:

Sorry to go dark.  I think we're very close, so I'm putting together a draft of a settlement agreement.  Will likely have it to you tomorrow.

They and their CPA are still trying to interpret something on the 2017 return, and I'll let you know if I've further questions.

Sincerely,

Justin M. Welch
BLAZIER, CHRISTENSEN, BROWDER
& VIRR, P.C.
Attorneys & Counselors
Barton Oaks Plaza
901 S. Mopac Expy., Bldg. V, Ste. 200
Austin, Texas 78746
512.476.2622
(fax) 512.476.8685
jwelch@blazierlaw.com
www.blazierlaw.com

# EXHIBIT F

# please call me immediatley

Jeffrey Katz

Sat 3/2/2019 11:17 AM

To: Justin Welch <jwelch@blazierlaw.com>;

**Kesher Law Group**
Jeffrey A. Katz | Attorney at Law
1919 N. Heliotrope Dr.
Santa Ana, CA  92706
Direct Dial:  (714) 296-8309
Email:  jeffrey.katz@kesherlawgroup.com

# EXHIBIT G

# Revised Agreement and Apologies

Justin Welch <jwelch@blazierlaw.com>

Tue 4/9/2019 9:09 AM

To:Jeffrey Katz <jeffrey.katz@kesherlawgroup.com>;

📎 1 attachments (32 KB)

SETTLEMENT AGREEMENT AND RELEASE - Rescission.docx;

Jeffrey:

First, I want to apologize for my radio silence. It is not how I like to interact with opposing counsel. However, for reasons I cannot discuss, I have been unable to continue negotiations or discuss the case until now. Also note I am preparing for trial this week so my time is largely not my own until next Wednesday. However, I will do my best to respond to your inquiries.



I want to emphasize that, although there may be room to refine language, my clients' are relatively firm on the major points.

Sincerely,

Justin M. Welch
Blazier, Christensen, Browder
  & Virr, P.C.
Attorneys & Counselors
Barton Oaks Plaza
901 S. Mopac Expy., Bldg. V, Ste. 200
Austin, Texas 78746
512.476.2622
(fax) 512.476.8685
jwelch@blazierlaw.com
www.blazierlaw.com