UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LUKE PATTERSON, | § | |
| | § | |
| JACOB PATTERSON, and | § | |
| | § | |
| GARY HEITZ, | § | |
|    *Plaintiffs,* | § | |
| | § | CIVIL ACTION NUMBER |
| V. | § | |
| | § | 1:18-CV-998 |
| BUDBO, INC., | § | |
| | § | |
| LANEAXIS, INC., | § | |
| | § | |
| LANEAXIS GPSCT, INC., and | § | |
| | § | |
| RICK LYNN BURNETT, a/k/a RICK BURNETT, | § | |
|    *Defendants* | § | |

**RESPONSE TO RICK BURNETT'S MOTION TO DISMISS
UNDER FRCP 4(m)**

COME NOW PLAINTIFFS, Luke Patterson, Jacob Patterson, and Gary Heitz, and file this their Response to Rick Burnett's Motion to Dismiss Under FRCP 4(m) (Docket #10), and in support thereof would show as follows:

**I.  PROCEDURAL BACKGROUND.**

1. On April 3, 2019, the Court issued a Show Cause Order (Docket #4) requiring that Plaintiffs show cause why the case should not be dismissed for want of prosecution under FRCP 4(m).  Plaintiffs timely responded on April 18, 2019 (Docket #8).  The Court has not ruled on the matter.

2. Defendant, Rick Burnett, has now filed his own motion to dismiss under Rule 4(m).  This is a response to that motion.

## II.  ARGUMENT AND AUTHORITY.

2. As an initial point, the significance of which is explained below, all Defendants except Mr. Burnett were served in April, and returns of service are on file (Docket #6, 7, and 8). Moreover, Mr. Burnett, although not served, has made a general appearance.  Specifically, simultaneous with Mr. Burnett's current motion, his attorney filed a "Notice of Attorney Appearance" on behalf of all Defendants except Budbo, Inc.  Mr. Burnett has filed no Rule 12(b) motions, so his current motion and his attorney's appearance constitute a general appearance in the case, dispensing with the need for service of process.  Therefore, all Defendants have been properly served, or made an appearance.

### *i.  Factors Supporting Retention of Case on the Docket.*

3. Several factors support retention of the case on the docket, all as addressed in Plaintiffs' response to the show cause order ("response to show cause"), that is supported by the undersigned's declaration.  These are addressed summarily, here.

4. First, whether a defendant has actual notice of the suit is a factor in determining whether to dismiss for want of prosecution.[1]  As discussed in the response to show cause, all Defendants, including Mr. Burnett, have been represented by an attorney in the dispute since *before* suit was filed in November 2018.  A copy of the complaint was immediately sent to that lawyer, Jeffrey Katz, and the parties continued settlement discussions that had originated in mid-2018.  These discussions and transmission of the complaint are detailed in paragraphs two through 18 of Mr. Katz's declaration (Docket #11).  Mr. Katz has complaints about the pace of settlement discussions, but for purposes of this Response, it demonstrates Defendants were aware of the filing of the complaint and discussions were ongoing.

---

[1] *Lemoge v. U.S.,* 587 F.3d 118, 1198 (9th Cir. 2009).

**Page 2 of 5**

F:\Clients\60000\60467.002 BudBo - Partnership Dispute\Pleadings\WORD VERSIONS\BURNETT'S MOTION TO DISMISS - response.docx - JMW

5.      Second, the existence or lack of bad faith is another factor in determining whether to dismiss for want of prosecution.[2]  Here, Plaintiffs were actively pursuing settlement discussions, and refrained from service of process to avoid triggering Rule 26(f) scheduling requirements and initiation of pre-trial deadlines.  These would have increased litigation expense, and made settlement more difficult.  Plaintiffs respectfully contend this does not constitute bad faith.  And, it is significant that Mr. Burnett's motion does not allege bad faith.

6.      Another factor in determining whether to dismiss is the risk of prejudice to Defendants.[3]  Here, there arguably is no such risk.  For example, there is no risk that Defendants will lose or destroy evidence by which they can challenge the accusations, because they are aware of the suit, have counsel, and are negotiating settlement.  Moreover, any risk of unfair prejudice can be rebutted by demonstration of a nonfrivolous reason for the delay in service.[4]  That is, the Parties were pursuing settlement as discussed above.  And note, Mr. Burnett's motion does not argue that he is prejudiced by the delay in service.

### *vi.  General Statement Against Dismissals for Want of Prosecution.*

7.      Dismissal under Rule 4(m) for failure to prosecute is a "harsh consequence," and the rule was amended in 1993 "to 'authorize the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown*.'"[5]  Moreover, courts are to consider "less drastic alternatives" to dismissal under Rule 4(m),[6] and any doubts should

---

[2] *Emerson v. Thiel College*, 296 F.3d 184, 190 (3rd Cir. 2002).
[3] *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 486 (2nd Cir. 2013).
[4] *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).
[5] *Matlock v. Hawkes*, 874 F.Supp. 219, 221 (N.D. Ill. 1995) (citing 1993 committee notes to Rule 4(m))
[6] See *Bowling v. Hasbro, Inc.*, 403 F.3d 1373, 1377 (Fed.Cir. 2005) (citing Fifth Circuit decision in *Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) and stating "we believe the Ninth Circuit would likely agree with the Fifth Circuit that failure to heed a warning based on Rule 4(m) is not sufficient to justify dismissal with prejudice without more egregious conduct on the part of the plaintiff.").

**Page 3 of 5**

F:\Clients\60000\60467.002 BudBo - Partnership Dispute\Pleadings\WORD VERSIONS\BURNETT'S MOTION TO DISMISS - response.docx - JMW

be resolved in favor of reaching decision on the merits.[7]

8. Here, Rule 4(m) expressly provides for "less drastic sanctions." Specifically, it provides that the court can either dismiss for want of prosecution, "or order that service be made within a specified time." Because service has been effectuated on three of the Defendants, and Mr. Burnett has made a general appearance, the last drastic sanction seems appropriate.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court retain the case on the docket and not dismiss it for want of prosecution.

Respectfully submitted,

_____
JUSTIN M. WELCH
Texas State Bar No.: 24003876
**ATTORNEY FOR PLAINTIFFS**

**A member of the Firm of:**

**BLAZIER, CHRISTENSEN, BROWDER  & VIRR, P.C.**
Attorneys and Counselors at Law
901 S. Mopac Expy., Bldg. 5, Ste. 200
Austin, Texas 78746
512 476 2622
(Fax) 512 476 8685
email:  jwelch@blazierlaw.com

---

[7] *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3rd Cir. 2002)

**Page 4 of 5**

F:\Clients\60000\60467.002 BudBo - Partnership Dispute\Pleadings\WORD VERSIONS\BURNETT'S MOTION TO DISMISS - response.docx - JMW

**CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document has been served through the court's electronic case management system, or as otherwise set forth below, on the following individuals.

| | |
|---|---|
| Seth Crosland<br>1848 Norwood Plaza, Ste. 205B<br>Hurst, Texas 76054<br>***Texas counsel for Defendants, except Budbo, Inc.*** | Jeffrey A. Katz<br>1919 N. Heliotrope Dr.<br>Santa Ana, California 92706<br>***Via email to***<br>Jeffrey.katz@kesherlawgroup.com<br>***California counsel for Defendants*** |

             _____
             JUSTIN M. WELCH

**Page 5 of 5**

F:\Clients\60000\60467.002 BudBo - Partnership Dispute\Pleadings\WORD VERSIONS\BURNETT'S MOTION TO DISMISS - response.docx - JMW